# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

Daniel L. Reinganum, Esq.
McDowell Posternock Apell & Detrick, PC
46 West Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544
Telecopier: (856) 482-5511
dreinganum@mpadlaw.com

Attorneys for the Debtor

Order Filed on March 17, 2017
by Clerk U.S. Bankruptcy Court
District of New Jersey

In re:

Carson C. Puriefoy, Jr.,
Vanessa C. Puriefoy
     Debtor

Case No.: 16-23091-JNP

Chapter 13

**ORDER AUTHORIZING SALE OF 309 COLONIAL DRIVE, DEPTFORD, NJ PURSUANT TO 11 U.S.C. § 363, AVOIDING LIENS PURSUANT TO 11 U.S.C. §522(f), APPROVING PAYMENT OF PROFESSIONAL FEES, AND CONFIRMING DEBTORS STATUS AS "TRUSTEE" FOR PURPOSES OF N.J.S.A. 46:15-10.**

The relief set forth on the following pages, numbered two (2) through six(6) is hereby

**ORDERED**.

DATED: March 17, 2017

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Debtor(s):   Carson C. Puriefoy, Jr. And Vanessa C. Puriefoy

Case No.:   16-23091

**ORDER AUTHORIZING SALE OF PROPERTY PURSUANT TO 11 U.S.C. § 363, AVOIDING LIENS PURSUANT TO 11 U.S.C. §522(f), APPROVING PAYMENT OF PROFESSIONAL FEES, AND CONFIRMING DEBTORS STATUS AS "TRUSTEE" FOR PURPOSES OF N.J.S.A. 46:15-10**

---

**PART I - APPROVAL OF SALE**

1.   The Debtor's Motion (the " Motion") to Sell the Property at 309 Colonial Drive, Deptford, New Jersey 08090 (the "Property") be, and it hereby is, GRANTED, and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

2.   Due and proper notice of the Motion has been given to all parties who are entitled to notice under the circumstances.

3.   The Agreement as defined in the Motion (the "Agreement") is approved and the Debtor is hereby authorized to enter into and consummate the transaction proposed therein.

4.   Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized, directed and empowered to fully perform under, consummate and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Property, or as may be

2

necessary or appropriate to the performance of the obligations and transactions contemplated by the Agreement.

5. The Debtor's sale of the Property is approved pursuant to sections 105(a) and 363(b)(d) and (f), and 1303 of the Bankruptcy Code, under the terms and conditions set forth therein.

6. The sale of the Property to the Purchasers shall be free and clear of any liens, claims, encumbrances and security interests, with valid liens, claims, encumbrances and security interests, if any, to attach to the proceeds of such sale pursuant to section 363(f) of the Bankruptcy Code. **The title company is authorized to disburse the proceeds of sale to the lienholders and parties in interest as follows, with the balance to be paid to the attorney trust account of McDowell Posternock Apell & Detrick, P.C.:**

| | |
|---|---|
| **MidFirst Bank:** | **Pay in Full** |
| **State of New Jesey:** | **Pay in Full** |
| **Municipal charges, liens, adjustments** | **Pay in Full** |
| **American Express Travel Services:** | **$0.00** |
| **Jeff Kripitz Agency:** | **$0.00** |
| **Realtor Commissions:** | **$10,650** |
| **Carson and Vanessa Puriefoy:** | **$35,870 minus closing costs such as Settlement charges, lien discharge Fees. Minus additional retainer (If requested) to McDowell Posternock Apell & Detrick, PC** |

3

    **Balance of funds:**         Attorney Trust Account of

                       McDowell Posternock Apell &

                       Detrick, PC

  7..   The judgment liens of American Express Travel Related Services and the Jeff Kripitz Agency shall attach to the 'balance of funds' paid to McDowell Posternock Apell & Detric, P.C. pursuant to the above paragraph unless avoided in this Order or any subsequent Order of this court.

  8.   The 'balance of funds' held in the attorney trust account of McDowell Posternock Apell & Detrick, P.C. shall not be disbursed without further order of this Court.

  9.   Except as expressly permitted by the Agreement, all persons and entities holding liens, claims, security interests or encumbrances of any kind and nature with respect to the Property hereby are barred from asserting such liens, claims, security interests and encumbrances against the Purchasers, their successors or assigns, or the Property.

  10.   The sale of the Property by the Debtor shall be final upon payment in good funds to the Debtor by the Purchasers, and shall be "as is, where is," without recourse, representation or warranty, except as to the representations and warranties set forth in the Agreement.

  11.   Notwithstanding the foregoing, the sale of the Property by the Debtor pursuant to the Agreement shall provide the Purchasers with good title to the Property.

  12.   Except as provided in the Agreement, the Purchasers are not assuming nor shall they in any way whatsoever be liable or responsible for any liabilities, debts or obligations of the Debtor or any liabilities, debts or obligations in any way whatsoever relating to or arising from the operation of any of the Debtor's Assets prior to closing or relating to conditions existing on or prior to closing. Without limiting the generality of the foregoing, except as provided in the

Agreement, the Purchasers shall not be liable or responsible for any Debtor's liabilities, debts or obligations.

13. On the Closing Date, each of the Debtor's creditors secured in any of the Assets is directed to execute such documents and take all other actions as may be necessary to release its liens, security interests or other encumbrances on, or claims, if any, against the Property.

14. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be confirming any plan of reorganization for the Debtor or converting the Debtor's case from one under Chapter 11 of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code or dismissing the case of the Debtor.

15. This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, (ii) to compel delivery of the Property to the Purchasers, (iii) to resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, and (iv) to interpret, implement and enforce the provisions of this Order.

16. The terms and provisions of the Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estate and creditors, the Purchasers, and their affiliates, successors and assigns, and any affected third parties including but not limited to all persons asserting a claim against or interest in the Debtors' estate of the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee for any Debtor under any chapter of title 11 of the United States Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

5

17. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

18. The judgment liens of American Express Travel Related Services and the Jeff Kripitz Agency shall attach to the 'balance of funds' paid to McDowell Posternock Apell & Detric, P.C. pursuant to the above paragraph unless avoided in this Order or any subsequent Order of this court.

**PART II - LIEN AVOIDANCE PURSUANT TO 11 U.S.C. §522(f)**

19. The fixing of the judgment lien of Jeff Kripitz Agency, docketed April 12, 2011 under J-107148-2011 is avoided in its entirety, except that $919.75 of the judgment lien shall attach to the balance of the sale proceeds which are to be held in the attorney trust account of McDowell Posternock Apell & Detrick, P.C.

**PART III - APPROVAL OF PROFESSIONAL FEES**

20. The payment of a real estate commission in the amount of $10,650.00 to Megan Cepero-Lopez is **APPROVED**.

**PART IV- NEW JERSEY TRANSFER TAX**

21. For purposes of N.J.S.A. 46:15-10(6)(g), the Debtors have the status of a "Trustee in Bankruptcy".

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 16-23091-JNP
Carson C Puriefoy, Jr.                                                Chapter 13
Vanessa C Puriefoy
     Debtors

## CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin         Page 1 of 1        Date Rcvd: Mar 17, 2017
                        Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 19, 2017.
db/jdb         +Carson C Puriefoy, Jr.,    Vanessa C Puriefoy,    309 Colonial Dr,    Wenonah, NJ 08090-1664

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 19, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 17, 2017 at the address(es) listed below:
        Daniel L Reinganum    on behalf of Joint Debtor Vanessa C Puriefoy dreinganum@MPADLaw.com,
         kgresh@mpadlaw.com;djamison@mpadlaw.com;jhughes@mpadlaw.com
        Daniel L Reinganum    on behalf of Debtor Carson C Puriefoy, Jr. dreinganum@MPADLaw.com,
         kgresh@mpadlaw.com;djamison@mpadlaw.com;jhughes@mpadlaw.com
        Denise E. Carlon    on behalf of Creditor   MidFirst Bank dcarlon@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
         summarymail@standingtrustee.com
        Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
                                                                                          TOTAL: 5